# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **L.B.**

**No. 16-0471** (Kanawha County 15-JA-205)

**FILED**

**October 11, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.S., by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's May 4, 2016, order terminating her parental rights to nine-year-old L.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, W. Jesse Forbes, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2008, the DHHR filed an abuse and neglect petition that alleged that petitioner abused drugs during her pregnancy with the child, who tested positive for cocaine at birth. Thereafter, petitioner waived her right to a preliminary hearing. The circuit court then granted petitioner an improvement period that required her to complete treatment at an inpatient drug treatment facility. After petitioner completed treatment, the circuit court returned the child to petitioner's care. In December of 2009, the circuit court dismissed the abuse and neglect proceeding against petitioner.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In July of 2015, the DHHR filed a second abuse and neglect petition that alleged petitioner continued to abuse drugs. According to that petition, the DHHR received a referral reporting that petitioner overdosed on drugs in a hotel room and the child, now seven years old, found petitioner unconscious and tried to wake her. The DHHR further alleged that petitioner exposed the child to domestic violence in the home, neglected the child's education, and failed to provide the child with necessary food, clothing, supervision, and housing. The circuit court removed the child from petitioner's care and placed her in foster care.

In August of 2015, the circuit court held a preliminary hearing. A Child Protective Services ("CPS") worker testified that police advised her that petitioner had overdosed on heroin in a motel room and was transported to the hospital. She testified that the police also advised her that they found the child wondering around the motel and called CPS. The worker also testified that when she tried to contact petitioner at the hospital, she learned that petitioner checked herself out of the hospital, against medical advice, without receiving treatment. The worker further testified that police located petitioner a week after leaving the hospital, living in a motel under an assumed name. According to the worker, petitioner left the child in CPS custody during this time. The police later arrested petitioner for violating her probation imposed in an unrelated criminal proceeding.[3] According to the worker, she visited petitioner in jail and petitioner admitted that she "struggled off and on with drugs" and believed she would have to stay in a drug rehabilitation treatment facility "her entire life to stay clean." After hearing testimony and argument, the circuit court found probable cause that petitioner abused the child and that imminent danger threatened the child's well-being.

Later in August of 2015, the circuit court scheduled an adjudicatory hearing but petitioner did not appear because she was incarcerated. She requested and was granted a forty-day continuance so that she could appear for the rescheduled adjudicatory hearing. In October of 2015, the circuit court held an adjudicatory hearing wherein petitioner admitted that she abused illegal drugs and her substance abuse affected her ability to parent the child. The circuit court accepted petitioner's stipulations and found that she abused the child.

In December of 2015, the circuit court held a dispositional hearing wherein it heard testimony from the CPS worker and from petitioner. The worker testified that the DHHR recommended termination of petitioner's parental rights based on her extensive history of drug use and her incarceration since the child's removal in July of 2015. Petitioner testified that she was not abusing drugs and that she was offered accelerated parole, making her eligible for early release in July of 2016. Petitioner further testified that she was incarcerated for violating her probation by overdosing on heroin. Petitioner admitted that she attended two different drug rehabilitation treatment programs since the child's birth and that the child spent four of the last seven years in foster care due to her incarceration and drug rehabilitation. At the close of the hearing, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court further found that terminating petitioner's parental rights was in the child's best interests. The

---

[3]The record on appeal indicates that petitioner was convicted of and incarcerated for obtaining property with a worthless check and for a probation violation stemming from a criminal conviction in Harrison County, West Virginia.

circuit court terminated petitioner's parental rights to the child by order dated May 4, 2016. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, we find no error in the circuit court's termination of petitioner's parental rights.

On appeal, petitioner argues that the circuit court terminated her parental rights based solely on her incarceration. We disagree. The record on appeal does not support petitioner's contention that her incarceration was the circuit court's sole basis for terminating her parental rights, as the circuit court also considered that petitioner overdosed on heroin in front of the child and could not be located for a week. In fact, petitioner admitted to long-term drug abuse that affected her ability to parent, and her drug abuse continued despite the fact that she completed two different drug treatment rehabilitation programs. Even after these extensive services, petitioner stated that she did not believe that she could correct the conditions of abuse and neglect without lifetime drug rehabilitation treatment. Petitioner also admitted that the child spent four years in foster care because of her incarceration and rehabilitation.

We have held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Furthermore, West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Based on the circumstances of this case, we find no error in the circuit court's termination of petitioner's parental rights. The evidence presented below supports the findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West

3

Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, the circuit court's May 4, 2016, termination order is hereby affirmed.

Affirmed.

**ISSUED**: October 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II